United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARLON SHELMON,
Plaintiff,

v.

JENEL CARRILLO, et al.,
Defendants.

Case No. 26-cv-04672-SVK

**ORDER GRANTING MOTION FOR PARTIAL DISMISSAL; SCHEDULING DISPOSITIVE MOTION**

Re: Dkt. No. 11

Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against Jenel Carillo and Corina Lopez, two mailroom employees at the California Training Facility ("CTF"). In its initial review pursuant to 28 U.S.C. § 1915A, the Court found the complaint, when liberally construed, states cognizable claims for the violation of his rights under the First and Sixth Amendments, and for negligence under state law. (ECF No. 7 at 2.) Defendants have filed a motion to dismiss the negligence claim for failure to state a cognizable claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff did not present his claim to the Government Claims Board before filing his complaint, as required by the California Torts Claims Act ("CTCA"), *see* Cal. Gov't Code §§ 905.2, 911.2, 945.4, 950.2. (ECF No. 11 at 2-3.) In his opposition, Plaintiff concedes he has not complied with the fair-presentation requirement of the CTCA and agrees that for that reason his negligence claims must be dismissed under Rule 12(b)(6). (*See* ECF No. 13 at 2-3.) Defendants' motion to dismiss Plaintiff's negligence claim under Rule 12(b)(6) is therefore GRANTED, and Plaintiff's negligence claim is DISMISSED without prejudice to Plaintiff filing it once he has complied with the CTCA.

In his opposition, Plaintiff requests dismissal of the negligence claim with leave to amend. This request is denied as premature. Once Plaintiff has complied with the CTCA with respect to

United States District Court
Northern District of California

his negligence claim, he may file a motion for leave to amend. The motion must include as an attachment his proposed amended complaint, which, if he wishes to reassert a claim of negligence, must allege facts demonstrating compliance with (or excusal from) the CTCA fair-presentation procedures. *See Creighton v. City of Livingston*, 628 F.Supp.2d 1199, 1224-25 (E.D. Cal. 2009) (requiring affirmative allegation of compliance with the CTCA for supplemental state tort claim in federal court). Plaintiff is additionally advised that any amended complaint would completely replace the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), so he must include in any amended complaint all the claims he wishes to pursue.

In order to expedite the resolution of this case, the Court orders as follows:

1. No later than **March 9, 2027,** Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **April 7, 2027**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

Defendants shall file a reply brief no later than **April 21, 2027**.

The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

2. All communications by Plaintiff with the Court must be served on Defendants or their attorney, by mailing a true copy of the document to Defendants or their attorney.

United States District Court
Northern District of California

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**SO ORDERED.**

Dated: October 13, 2026

Susan van Keulen
United States Magistrate Judge